Carol Ann BOCKMAN, et al., Plaintiffs,

Equal Employment Opportunity Commission, Plaintiff-Intervenor,

v.

LUCKY STORES, INC., et al.,
Defendants.

No. Civ. S–83–039 RAR.

United States District Court,
E.D. California.

July 17, 1985.

Brad Seligman, Fransworth & Saperstein, Oakland, Cal., David Rosenfeld, Van Bourg, Weinberg, Roger & Rosenfeld, San Francisco, Cal., for plaintiffs.

Fritz Wollett, Equal Employment Opportunity Commission, San Francisco, Cal.

George J. Barron, Lawrence K. Rockwell, Jonathan G. Wong, Donahue, Gallagher, Thomas & Woods, P.C., Oakland, Cal., for defendants.

RAMIREZ, District Judge.

On June 12, 1985, counsel for defendants in the above-entitled action filed a motion to decertify plaintiffs' class, or in the alternative, to disqualify plaintiffs' counsel. On June 28, 1985, plaintiffs filed an opposition to defendants' motion and requested the Court to impose sanctions against defendants' counsel for filing the motion without first making reasonable inquiry with respect to its factual basis. On July 2, 1985, defendants' counsel withdrew the motion to decertify and filed arguments against the imposition of sanctions. Counsel on either side of the sanctions motion have replied to the other's arguments and each has waived oral argument. Having reviewed the briefs and other relevant documents contained in the file and having reflected upon the Court's duties pursuant to Rule 11 of the Federal Rules of Civil Procedure, the Court herein finds that defendants' counsel should pay the reasonable costs and attorneys' fees incurred by plaintiffs in connection with the motion to decertify.

FACTUAL BACKGROUND

The controversy surrounding defendants' motion began with an unsolicited telephone call to the office of defendants' counsel on June 5, 1985. On that afternoon, a man identifying himself as the *former* husband of a member of plaintiffs' class, volunteered that one of plaintiffs' attorneys had led his former wife to believe that she would not be responsible for costs associat-

ed with the instant litigation regardless of the outcome. The caller agreed to sign a declaration to this effect. However, in the several days following the telephone call, defendants' attorneys were unable to arrange for the promised signature.

Due to a Court-imposed June 13, 1985 deadline for the filing of any and all motions to disqualify plaintiffs' counsel (*see* page 40, line 11, of Pretrial Conference Order filed June 7, 1985), defendants filed the motion to decertify plaintiffs' class despite the failure to garner the former husband's supporting declaration. No motion was filed requesting an extension of the deadline. Based solely on the single telephone conversation and despite counsel's inability to achieve the cooperation of the husband, defense counsel alleged in its moving papers that plaintiffs' counsel had violated Rule 5–104 of the California Rules of Professional Conduct which proscribes, *inter alia,* the advancement of costs for the prosecution of a claim. Arguing with clarity and vigor, defense counsel represented to this Court:

> Plaintiffs' counsel in this action have relieved at least one of the named plaintiffs of all financial responsibility for this lawsuit. Defendant submits that under these facts, decertification of plaintiffs' class is the most appropriate remedy. [*Defendant's brief,* page 4, June 12, 1985]

In another section of its memorandum defense counsel railed that "[p]laintiffs' counsel's ethical violations are patent and unambiguous", *Id.,* at p. 6, and concluded that [s]uch conduct renders plaintiffs' counsel, and hence plaintiffs, inadequate class representatives." *Id.* at p. 7.

Following the filing of the above-described motion, and following plaintiffs' filing of a lengthy opposition and request for sanctions, defense counsel learned that the husband had no clear recollection about his wife's retainer agreement with plaintiffs' counsel and had based his account on second hand information. Defense counsel, of course, then withdrew the motion to decertify. Plaintiffs' counsel continued to press

the request for sanctions and by declarations documented the amount and basis for costs and fees incurred by defending against the motion to decertify.

## DISCUSSION

In 1983, Rule 11 of the Federal Rules of Civil Procedure was substantially amended so that it is now applicable to every document filed by an attorney or *pro se* litigant in Federal Court. Rule 11, insofar as relevant to this Order, provides as follows:

> The signature of an attorney ... constitutes a certificate by him that he has read the ... motion ...; that to the best of his knowledge, information, and belief *formed after reasonable inquiry* it is well grounded in fact and is warranted by existing law ... and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a ... motion ... is signed in violation of this rule, the court, upon motion ... *shall* impose upon the person who signed it ... an *appropriate sanction, which may include* an order to pay to the other party or parties the amount of the *reasonable expenses* incurred because of the filing of the ... motion ... *including a reasonable attorney's fee.*

F.R.Civ.P. 11 (emphasis supplied). As the Rule plainly provides, the attorney signing motion papers such as those filed by defense counsel herein, certifies not only a reasonable belief in the legal basis for the motion but also its *factual* basis. In this respect, counsel certified to this Court that he had read the motion papers filed and had concluded that the allegations stated therein were "well grounded in fact" as a result of "reasonable inquiry."

The Advisory Committee Note to Rule 11 is a helpful guide for the Court's assessment of whether counsel has breached the duty of inquiry. The Note points out that under the pre-amendment Rule, counsel's duty was less clearly defined than under the current Rule 11:

> The words 'good ground to support' the pleading in the original rule were inter-

preted to have both factual and legal elements. [cite omitted] They have been replaced [in the amended version] by a standard of conduct that is more focused.

The new language stresses the need for *some prefiling inquiry* into both the facts and the law to satisfy the *affirmative duty* imposed by the rule. The *standard is one of reasonableness* under the circumstances. [cite omitted] This standard is *more stringent than the original* good-faith formula and thus it is expected that *a greater range of circumstances will trigger its violation.* [cite omitted]

The rule is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories. The court is expected to avoid using the wisdom of hindsight and should *test the signer's conduct by inquiring what was reasonable to believe at the time the ... motion ... was submitted.* Thus, what constitutes a reasonable inquiry may depend on such factors as how much time for investigation was available to the signer; whether he had to rely on a client for information as to the facts underlying the ... motion ...; whether the ... motion ... was based on a plausible view of the law; or whether he depended on forwarding counsel or another member of the bar.

.     .     .     .     .

The text of the amended rule seeks to dispel apprehensions that efforts to obtain enforcement will be fruitless by *insuring that the rule will be applied when properly invoked.* The word "sanctions" in the caption, for example, stresses a deterrent orientation in dealing with improper ... motions.... And *the words "shall impose"* in the last sentence focus the court's attention on *the need to impose sanctions for ... motion abuses.* The court, however, retains the necessary flexibility to deal appropriately with violations of the rule. It has discretion to tailor sanctions to the particular facts of the case, with which it would be well acquainted.

*The Advisory Committee Notes of 1983,* 97 F.R.D. 198, 198–200 (1983). (editing and emphasis supplied)

Applying these principles to the facts of this case results in the firm conclusion that Rule 11 sanctions should be imposed. In so ruling, the Court is particularly mindful of the extreme gravity of the accusations leveled at plaintiffs' counsel in defense counsel's motion to decertify. A claim that a member of the Bar has so violated the ethics of his profession as to be removed from an action, should surely be preceded by the accuser's careful inquiry into the facts giving rise to the accusation. In opposition to this motion for sanctions, defense counsel has cited to this Court no steps whatsoever which were taken to verify the telephone accounts of the husband. The only information available to defense counsel prior to filing the motion was that the caller could not be encouraged during the week following the call to place his declarations in writing. Moreover, the inherent unreliability of a non-party making an accusatory telephone call to a former spouse's opposing counsel should have been carefully considered before filing a motion of this kind.

In addition, the record reveals no efforts on the part of defense counsel to contact plaintiffs' counsel in order to garner permission to interview the *party* herself. Defense counsel, instead chose to rely solely upon the unreliable word of a man who was not directly involved in this litigation. Finally, and perhaps most telling, defense counsel argued in the motion to decertify that plaintiffs' counsel had, in fact, violated an ethical duty, when the facts then available warranted no such flat conclusion.

Defense counsel's argument that the motion was necessitated by the Court's May 13, 1985 deadline for such motions is not well taken. Before filing a motion filled with such sweeping accusations, defense counsel should have, at a minimum, first filed a request for an extension of the deadline based on newly discovered evi-

dence. Instead, defense counsel chose to impugn the professional integrity of plaintiffs' counsel on the basis of unverified, unsubstantiated, and inherently unreliable information. In the Court's view, this is precisely the type of motion the newly amended Rule 11 was intended to deter.

For the foregoing reasons, and good cause appearing therefor,

IT IS HEREBY ORDERED that defendants' counsel, JONATHAN G. WONG, pay to plaintiffs in the above-entitled action, the sum of One Thousand Five Hundred Thirty Five Dollars ($1,535.00), the amount of the reasonable expenses incurred because of the filing of defendants' motion to decertify plaintiffs' class, or in the alternative, to disqualify plaintiffs' counsel, including a reasonable attorney's fee. Said sum shall be paid within seven (7) days of this Order.

IT IS FURTHER ORDERED that JONATHAN G. WONG, upon receipt of this Order make and distribute copies of this Order to each attorney member of his law firm and to each named defendant in the above-entitled action.

IT IS SO ORDERED.